IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GERARDO COLÓN-ROSADO,

   **Plaintiff,**

            v.

THE PUERTO RICO DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,

   **Defendants.**

CIVIL NO. 21-1141 (JAG)

## AMENDED OPINION AND ORDER

GARCIA-GREGORY, D.J.

     On August 26, 2022, Plaintiff Gerardo Colón-Rosado ("Plaintiff") filed an Amended Complaint ("Complaint") against the Puerto Rico Department of Corrections and Rehabilitation ("Department of Corrections"), Madeline Torres Colón ("Torres Colón") in her personal and official capacities, Leonel Rodríguez Rosa ("Rodríguez Rosa") in his personal and official capacities, Ana I. Escobar Pabón ("Escobar Pabón") in her personal and official capacities, Jovino Candelaria Alers ("Candelaria Alers") in his personal and official capacities, Joel Velázquez Caraballo ("Velázquez Caraballo") in his personal and official capacities, William Vale ("Vale") in his personal and official capacities, Carlos González Salas ("González Salas") in his personal and official capacities, José L. Román López ("Román López") in his personal and official capacities, Eduardo Carire ("Carire") in his personal and official capacities, and Henry Luna Bravo ("Luna

CIVIL NO. 21-1141 (JAG) 2

Bravo") in his personal and official capacities.[1] Docket No. 31. The Complaint asserts causes of action under 42 U.S.C. § 1983 ("Section 1983") and a cause of action for violation of the Puerto Rico Department of Corrections' Laws and Regulations. *Id.* at 11-14.[2]

Pending before the Court is co-Defendants Department of Corrections, Román López, Vale, Carire, and Rodríguez Rosas' (collectively, "co-Defendants") Motion to Dismiss all claims for monetary relief pursuant to the Eleventh Amendment, and the Fifth and Fourteenth Amendment claims for failure to state a claim. Docket No. 34. For the reasons stated below, the Motion is hereby **GRANTED**.

### BACKGROUND[3]

Since February 23, 2010, Plaintiff is serving a sentence of imprisonment of 29 years, 10 months, and 15 days for attempted murder and other crimes. Docket No. 31 at 5. On August 4, 2020, the Puerto Rico Legislature passed Law 87, which established sentencing credits based on good behavior. *Id.*; Law 87 of November 2, 2020 ("Law 87"), as amended, P.R. LAWS ANN. tit. 3, § 11 *et seq.* (certified translation at Docket No. 44-1). Law 87 became effective on November 2, 2020. Docket No. 31 at 5, 13.[4] Plaintiff alleges that co-Defendant Rodríguez Rosa had the responsibility to fill out a new sentence liquidation control sheet applying his Law 87 sentencing credits and,

---

[1] Torres Colón, Rodríguez Rosa, Escobar Pabón, Candelaria Alers, Velázquez Caraballo, Vale, González Salas, Román López, Carire, and Luna Bravo shall be referred to collectively as Individual Defendants.

[2] Co-Defendants suggest that Plaintiff brings a claim under 42 U.S.C. § 1981 ("Section 1981") and request dismissal of this claim. Docket No. 34 at 3, 6-8. However, Plaintiff clarified that the reference to Section 1981 was "an inadvertent typographical error" in the Jurisdiction and Venue section of his Complaint and, thus, he does not assert a Section 1981 claim. Docket No. 39 at 3. Accordingly, the Court does not address this issue further.

[3] The facts are taken from Plaintiff's Complaint, Docket No. 31, and are presumed to be true. *See Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012).

[4] While Plaintiff contends that Law 87 obligated the Department of Corrections to apply the sentencing credits to Plaintiff's sentence by November 7, 2020, Docket No. 31 at 13, upon review of Law 87 the Court does not find any provision supporting this contention. *See* Docket No. 44-1; https://bvirtualogp.pr.gov/ogp/Bvirtual/leyesreferencia/ PDF/2020/0087-2020.pdf.

CIVIL NO. 21-1141 (JAG)                                                                                              3

afterward, refer his case to the Puerto Rico Parole Board. *Id*. at 6. Plaintiff contends that Rodríguez Rosa failed to do so in a timely manner. *Id*. According to Plaintiff, had the Law 87 sentencing credits been timely applied, he would have immediately become eligible for parole "because the minimum time to be served . . . had already been fulfilled by the end of 2019." *Id*. at 5. Further, he purports that application of the Law 87 sentencing credits "could have resulted in [his] release from prison." *Id*.

On November 16, 2020, Plaintiff filed an administrative claim with the Department of Corrections as he had not received a new sentence liquidation control sheet nor had his case been referred to the Parole Board. *Id*. at 6. The administrative claim requested that the Department of Corrections apply the Law 87 sentencing credits so he would become eligible for parole. *Id*. In response, Madilyn Dumeng Juarbe,[5] a Record Technician with the Department of Corrections, stated that he would receive a new sentence liquidation control sheet once they worked on his case. *Id*. Following this response, Plaintiff filed a Motion for Reconsideration with the Department of Corrections, which was denied because the record technicians had already been instructed to re-calculate Plaintiff's Law 87 sentencing credits. *Id*.[6]

On January 26, 2021, Plaintiff filed a Petition with the Puerto Rico Court of Appeals for judicial review of the Department of Corrections' denial of his administrative claim. *Id*. at 7. On March 19, 2021, the Puerto Rico Court of Appeals dismissed Plaintiff's Petition as moot because Plaintiff had been provided with a new sentence liquidation control sheet on March 9, 2021 that

---

[5] Madilyn Dumeng Juarbe is not a defendant in this action.
[6] Plaintiff argues that the denial of the Motion for Reconsideration constituted an implicit admission that the Department of Corrections failed to timely calculate his Law 87 sentencing credits. Docket No. 31 at 7.

CIVIL NO. 21-1141 (JAG)                                                                                                   4

applied the Law 87 sentencing credits. *Id.*; *see also Colón v. Dep't of Corr. and Rehab.*, 2021 WL 1583900, at *3 (T.C.A. P.R. Cir. Mar. 19, 2021) (certified translation attached). Plaintiff then initiated the instant action. Docket No. 1.

On April 6, 2021, Plaintiff was charged with allegedly assaulting another inmate on March 18, 2020. Docket No. 31 at 8. Plaintiff claims that co-Defendant Torres Colón and/or other employees of the Department of Corrections fabricated these assault charges in retaliation for initiating the instant action. *Id.* In addition, Plaintiff contends that Torres Colón retaliated against him because of animus toward him "that initially stemmed" after he reported her to her supervisors in 2013 for opening his legal and medical mail. *Id.* Then, however, Plaintiff pleads that Torres Colón intimidated and harassed him during the years 2010-2013, 2016-2017, and 2019 to the present. *Id.* Lastly, Plaintiff alleges that Torres Colón fabricated the assault charges to prevent him from becoming eligible for parole, in violation of his civil rights. *Id.*

In April 2021, Plaintiff was convicted of assault and three years were added to his sentence, to be served consecutively with the sentence he was serving. *Id.* at 9. That same month—five months after Law 87 became effective—the Department of Corrections referred Plaintiff's case to the Parole Board. *Id.* On January 12, 2022, the Parole Board denied parole because of Plaintiff's assault conviction. *Id.* Plaintiff then filed numerous administrative claims with the Department of Corrections and requested that the Puerto Rico Department of Justice investigate Torres Colón's conduct. *Id.*

## STANDARD OF REVIEW

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a

CIVIL NO. 21-1141 (JAG)                                                                                                  5

complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). The complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* at 570. Therefore, to preclude dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555.

      At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Grajales*, 682 F.3d at 44. Thus, the plaintiff bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). The First Circuit has cautioned against confounding the plausibility standard with the likelihood of success on the merits, explaining that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor." *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *see also Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible.") (citation omitted). Even taking plaintiff's well-pled allegations as true, however, courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996); *see also Butler v. Deutsche Bank Tr. Co. Ams.*, 748 F.3d 28, 32 (1st Cir. 2014). Likewise, unadorned factual statements as to the elements of the cause of action are insufficient as well. *Penalbert–Rosa v. Fortuno–Burset*, 631 F.3d 592, 595 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596.

CIVIL NO. 21-1141 (JAG)                                                                                                    6

## ANALYSIS

I. **Eleventh Amendment Immunity**

Co-Defendants assert that the Eleventh Amendment bars Plaintiff from pursing his action for monetary damages against the Department of Corrections and Individual Defendants in their official capacity. Docket No. 34 at 5-6. The Court agrees.

The Eleventh Amendment bars suits seeking monetary damages against states brought in federal courts by its own citizens as well as by citizens of another State. *Sinapi v. R.I. Bd. Of Bar Examiners*, 910 F.3d 544, 553 (1st Cir. 2018). "This immunity does not solely protect the State. Rather, since a State only exists through its instrumentalities, Eleventh Amendment immunity also extends to arms or 'alter egos' of the State, which includes the officers acting on behalf of the state." *Sánchez-Ramos v. P.R. Police Dep't*, 392 F. Supp. 2d 167, 177 (D. P.R. 2005) (citing *Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of P.R.*, 818 F.2d 1034, 1036 (1st Cir. 1987)). "The [E]leventh [A]mendment, despite the absence of any express reference, pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State." *De León López v. Corp. Insular de Seguros*, 931 F.2d 116, 121 (1st Cir. 1991) (citation omitted). The Department of Corrections, as a "prison system[,] is an essential arm of the state and therefore also protected by Eleventh Amendment Immunity." *Martinez-Machicote v. Ramos-Rodriguez*, 553 F. Supp. 2d 45, 51 (D. P.R. 2007) (cleaned up).

Applying the principles stated above, the Eleventh Amendment bars Plaintiff's monetary damages claims against the Department of Corrections and Individual Defendants in their official

CIVIL NO. 21-1141 (JAG) 7

capacity. Consequently, these claims are hereby **DISMISSED WITHOUT PREJUDICE**.[7] Plaintiff may pursue these claims in state court.

II. **Fifth and Fourteenth Amendment Claims for Violations of Due Process and Equal Protection under Section 1983**

Co-Defendants contend that Plaintiff failed to state a claim under the Fifth Amendment as they are not federal actors. Docket No. 34 at 8. The Court agrees. "The Fifth Amendment Due Process Clause . . . applies only to actions of the federal government—not to those of state or local governments." *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 8 (1st Cir. 2007) (cleaned up). Because none of the Defendants are federal actors, Plaintiff's Fifth Amendment claim under Section 1983 is hereby **DISMISSED WITH PREJUDICE**.

Co-Defendants also argue that the delay in applying the Law 87 sentencing credits and subsequent delay in referring Plaintiff's case to the Parole Board did not constitute a due process violation under the Fourteenth Amendment. *Id.* at 8-13. This issue hinges on whether Plaintiff may bring a Fourteenth Amendment claim under Section 1983 for the delay in the application of Law 87 sentencing credits and the delay in referring his case to the Parole Board, which allegedly prevented Plaintiff from becoming eligible for parole. *See* Docket No. 31 at 7-8, 12-13. In other words, Plaintiff asserts that had the Department of Corrections timely applied Law 87 sentencing credits and referred his case to the Parole Board, the fabrication of the assault charges against him

---

[7] This dismissal does not apply to the request for declaratory and injunctive relief asserted against the Department of Corrections and Individual Defendants in their official capacities, as well as the monetary damages claims asserted against Individual Defendants in their personal capacities.

CIVIL NO. 21-1141 (JAG)                                                                                                       8

would have not occurred and he would have potentially been released from prison. *See id.*[8] The Court finds the Fourteenth Amendment claim premature at this juncture.

When an inmate requests damages under Section 1983, courts should consider whether a favorable judgment implies the invalidity of a conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If so, dismissal is warranted unless the inmate can show that the conviction or sentence has been invalidated in a *habeas* proceeding, "reversed on direct appeal, expunged by executive order, [or] declared invalid by a state tribunal." *Id.* at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias . . . impl[ying] the invalidity of the punishment imposed, is not cognizable under § 1983."). Pursuant to *Heck* and *Edwards*, a judgment in favor of Plaintiff would call into question his assault conviction, since this is what rendered him ineligible for parole and, thus, caused the alleged injury. Such a claim cannot be brought under Section 1983 "until his conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489.

For these reasons, the Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff's Fourteenth Amendment claim under Section 1983.

### III.   Leave to Amend Complaint

In his opposition to dismissal, Plaintiff contends that his allegations are sufficient to survive dismissal at this stage but, if the Court disagrees, he requests leave to amend the Complaint to cure any pleading deficiencies. Docket No. 39 at 6-7. Leave to amend a complaint

---

[8] Plaintiff's claims "are not based on mere delay," but on whether the delay deprived him of access to parole by allowing the alleged fabrication of assault charges. Docket No. 39 at 5; *see also* Docket No. 31 at 8-10, 14.

CIVIL NO. 21-1141 (JAG)                                                                                                   9

should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment." *Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A district court has discretion to deny leave to amend when the record reflects "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *U.S. ex. rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009). The Court finds that allowing Plaintiff to amend his Complaint would prove futile considering the grounds supporting this Court's Opinion and Order.

## CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** Defendants' Motion to Dismiss; **DISMISSES WITHOUT PREJUDICE** Plaintiff's Fourteenth Amendment claim under Section 1983; **DISMISSES WITHOUT PREJUDICE** Plaintiff's monetary damages claims against the Department of Corrections and Individual Defendants in their official capacities; and (ii) **DISMISSES WITH PREJUDICE** Plaintiff's Fifth Amendment claim under Section 1983. Partial Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Tuesday, December 05, 2023.

                                                                                s/ Jay A. Garcia-Gregory
                                                                                JAY A. GARCIA-GREGORY
                                                                                United States District Judge